## MATTER OF PEREZ

### In Deportation Proceedings

### A-12718940

*Decided by Board November 12, 1974*

Respondent, a native and citizen of Mexico was found by the immigration judge to be eligible for suspension of deportation under the proviso to section 244(f)(3) of the Immigration and Nationality Act. The reason for this finding was that respondent, at the time of application had been on welfare. The judge concluded that she was likely to become a public charge contrary to section 212(a)(15) of the Act, and was therefore ineligible to receive a special immigrant's visa and was thus eligible for suspension of deportation. The Board of Immigration Appeals dismissed the appeal, finding her ineligible for suspension of deportation under section 244(f)(3) of the Act because the fact that she may have been on welfare does not, by itself, establish that the alien is likely to become a public charge.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—No valid immigrant visa under section 212(a)(20) 8 U.S.C. 1182 (a)(20)

ON BEHALF OF RESPONDENT: Benjamin A. Martinez, Esquire
Hume, Martinez & Casey
P. O. Box 1212
Eagle Pass, Texas 78852

In a decision dated June 14, 1973, the immigration judge found the respondent deportable as charged, denied her application for suspension of deportation, and granted her the privilege of departing voluntarily from the United States within 61 days in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

Our review of the record satisfies us that the hearing was fair, and that deportability has been established by clear, convincing, and unequivocal evidence. The only issue on appeal involves the respondent's application for suspension of deportation.

The immigration judge found that although the respondent was a native of Mexico, she was eligible for consideration for the relief of suspension of deportation by virtue of the proviso to section 244(f)(3) of the Immigration and Nationality Act, because she was ineligible to

obtain a special immigrant visa. Nevertheless, he denied suspension in the exercise of his discretion.

The immigration judge's conclusion that the respondent was ineligible for a special immigrant visa was based on the fact that at the time of the hearing she was, and had been for some time, the recipient of welfare. Therefore, the immigration judge concluded that she was ineligible for a visa under section 212(a)(15) of the Act, which relates to aliens "who, in the opinion of the consular officer at the time of application for a visa, or in the opinion of the Attorney General at the time of application for admission, are likely at any time to become public charges." We do not agree with the immigration judge's conclusion that the respondent was "ineligible to obtain a special immigrant visa" within the meaning of the proviso to section 244(f)(3).

The determination of whether an alien is likely to become a public charge under section 212(a)(15) is a prediction based upon the totality of the alien's circumstances at the time he or she applies for an immigrant visa or admission to the United States. The fact that an alien has been on welfare does not, by itself, establish that he or she is likely to become a public charge.

The Attorney General stated in *Matter of Martinez-Lopez*, 10 I. & N. Dec. 409, 421–22 (BIA 1962; A.G. 1964) that:

> The general tenor of the holdings is that the statute [section 212(a)(15) of the Act] requires more than a showing of a possibility that the alien will require public support. Some specific circumstance, such as mental or physical disability, advanced age, or other fact reasonably tending to show that the burden of supporting the alien is likely to be cast on the public, must be present. A healthy person in the prime of life cannot ordinarily be considered likely to become a public charge, especially where he has friends or relatives in the United States who have indicated their ability and willingness to come to his assistance in case of emergency. [Citations omitted.] [1]

The record indicates that the respondent is 28 years old, in good health, and capable of finding employment. She has been residing with her mother and her stepfather in Eagle Pass, Texas, and they have contributed to her support and to the support of her three United States citizen children. The respondent's reliance on welfare for support is a condition which she herself can remedy. It is not apparent that she would be precluded from obtaining a special immigrant visa upon making application at some future date. At a time when she may present herself to a United States Consul for a visa, she may well be able to convince him that she has prospective employment or other means of support. We therefore determine that the respondent has not demonstrated that she is "ineligible to obtain a special immigrant visa" within the meaning of the proviso of section 244(f)(3) of the Act. As a native of a

---

[1] See also *Matter of Harutunian*, 14 I. & N. Dec. 583 (R.C. 1974).

country contiguous to the United States, the respondent is thus ineligible for suspension of deportation.

Since we have concluded that the respondent is ineligible for suspension of deportation by virtue of section 244(f)(3), we need not reach the question of the immigration judge's unfavorable exercise of discretion. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 61 days from the date of his order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.