MATTER OF VINDMAN

In Section 245 Proceedings

A–20395370

A–20395371

*Decided by Regional Commissioner March 4, 1977*

(1) Applicants who were husband and wife, aged 66 and 54 years, respectively, were admitted into the United States as refugee parolees October 16, 1973. Following two years' physical presence they applied for adjustment of status as lawful permanent residents under section 245 of the Immigration and Nationality Act as seventh-preference immigrants under the proviso to section 203(a)(7) of the Act.

(2) The record indicated that neither of the applicants had ever been employed in the United States and was silent on the prospects for employment for either applicant. For the past three years the husband had received Supplemental Security Income, and the wife had been receiving public funds from the New York Department of Social Services.

(3) Where the record indicated that the applicants for adjustment of status were receiving public assistance with no prospects for their earning a livelihood or providing self support, the applications for adjustment of status as seventh-preference immigrants under the proviso to section 203(a)(7) of the Act would be denied because all applicants for section 245 adjustment, including seventh-preference immigrants, must show that they are not ineligible to receive a visa or inadmissible to the United States under section 212(a)(15) of the Act. See *Matter of Harutunian*, 14 I. & N. Dec. 583.

ON BEHALF OF PETITIONERS: Rose Epstein
HIAS
200 Park Avenue South
New York, New York 10003

This matter is before the Regional Commissioner on certification by the District Director who has denied the applications for status as permanent residents on the grounds the applicants are likely to become public charges and are, therefore, excludable from admission into the United States under section 212(a)(15) of the Immigration and Nationality Act, as amended. The subjects, husband and wife, have filed applications, alike in substance, and there are no significant differences in their records that would affect our decision if rendered separately. Therefore, we will address the certification in one order.

Mr. and Mrs. Vindman entered the United States as refugee parolees on October 16, 1973, at New York City. After two years physical

presence in the United States, they are now eligible to apply for permanent resident status under the proviso of section 203(a)(7) and section 245, Immigration and Nationality Act.

Section 245 requires, among other things, that an alien be admissible to the United States for status as a permanent resident. Section 212(a) states that the following class of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States . . .(15) Aliens who, in the opinion of the Consular officer at the time of application for a visa, or in the opinion of the Attorney General at the time of application for admission, are likely at any time to become public charges.

The elements constituting likelihood of an alien becoming a public charge are varied. They are not defined by statute, but rather are determined administratively upon consideration of all the factors bearing on the alien's ability or potential ability to be self-supporting. In defining "public charge" 22 C.F.R. Section 42.91(a)(15)(iii) states, "An alien relying solely on the personal income he will be receiving to establish eligibility under Section 212(a)(15) of the Act, who does not establish that he will have an annual income above the income poverty guidelines published annually or at shorter intervals by the Community Services Administration as derived from the low income threshold tables, which are also published annually by the Bureau of the Census, and who is without other adequate financial resources, shall be presumed ineligible under that section of the Act."

In the *Matter of Harutunian,* Interim Decision 2263, it is stated in fact "The administrative authorities have adopted the view that, while economic factors should be taken into account, the alien's physical and mental condition, as it affects ability to earn a living, is a major significance."

In summation, it is felt that everything in the statutes, the legislative comments, and prior decisions point to one conclusion, that Congress intends that an applicant for a visa be excluded who is without sufficient funds to support himself, who has no one under any obligation to support him, and whose chances of becoming self-supporting decrease as time passes.

In the instant cases, Mr. and Mrs. Vindman are 66 and 54 years old, respectively. Neither applicant has been employed in the United States and the record is silent as to prospects for their employment in the future. Mr. Vindman has been receiving Supplemental Security Income, and Mrs. Vindman has been receiving public funds from the New York Department of Social Services. Both applicants have been the recipients of the aforementioned assistance for approximately three years.

It appears that Mr. and Mrs. Vindman fall clearly within the confines of section 212(a)(15) of the Act and are excludable as public charges.

In view of the foregoing, and considering that no new facts or statements have been presented for consideration, it is concluded that Mr. and Mrs. Vindman are ineligible for adjustment of status under section 245 of the Act; inasmuch as, they are excludable under Section 212(a)(15) of the Act, supra. Accordingly, the decision of the District Director will be affirmed.

**IT IS ORDERED** that the decision of the District Director be and the same is hereby affirmed.