# MATTER OF A–

## In Adjustment of Status Proceedings

*Designated by Commissioner December 29, 1988*

(1) An applicant for temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255A (Supp. IV 1986), who is found excludable and whose grounds of excludability can be waived must be advised by the Immigration and Naturalization Service that he can apply for a waiver of grounds of excludability.

(2) In determining whether an alien is likely to become a public charge under section 212(a)(15) of the Act, 8 U.S.C. § 1182(a)(15) (1982), the Service will consider the totality of the circumstances.

(3) A 33-year-old mother of three children, who is currently employed and is physically able to earn a living, is not likely to become a public charge, notwithstanding the fact that her family received public cash assistance for approximately 4 years.

ON BEHALF OF APPLICANT: Pro se

This matter is an appeal from the regional director's decision finding the applicant ineligible for temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255A (Supp. IV 1986). The appeal will be sustained and the application for adjustment of status will be approved.

The applicant is a married 33-year-old female, who is a native and citizen of Mexico. Her spouse has been a lawful permanent resident of the United States since 1973. The applicant has three children, two of whom are citizens of the United States. The applicant entered the United States without inspection on or about January 19, 1979.

In his decision, the director found that the applicant's family, but not the applicant, received public cash assistance from August 1983 to July 1987, and that neither the applicant nor her spouse had been working for the 4 years prior to the filing of the application. The director noted that the applicant started working January 1, 1988. Nonetheless, he concluded that the applicant was unable to support herself and her family without public assistance and consequently found her excludable under section 212(a)(15) of the Act, 8 U.S.C. § 1182(a)(15) (1982).

Section 245A of the Act permits certain aliens to adjust their status if they satisfy specific statutory requirements. An alien who applies under this provision generally must establish that he entered the United States prior to January 1, 1982, that he has resided in the United States in an unlawful status since such a date, that he has been continuously physically present in the United States since November 6, 1986, and that he is otherwise admissible as an immigrant. Section 245A(a) of the Act.

The sole issue in this appeal is whether the applicant is likely to become a public charge and therefore not admissible as an immigrant pursuant to section 212(a)(15) of the Act.

Preliminarily, we note that the director erred when he denied the application pursuant to section 212(a)(15) because he did not inform the applicant that she could apply for a waiver of her ground of exclusion. The Service regulations state that "[i]f an alien is excludable on grounds which may be waived as set forth in this paragraph, he or she shall be advised of the procedures for applying for a waiver of grounds of excludability on Form I-690." 8 C.F.R. § 245a.2(k)(2) (1988). Section 212(a)(15) of the Act is a ground of exclusion that may be waived pursuant to section 245A(d)(2)(B)(i) of the Act. There is no indication in the record that the director advised the applicant of her right to file an application for a waiver of excludability. Failure to advise the applicant is a reversible error. However, in light of the findings outlined below, we will not remand the record but will decide the merits of this appeal.

Section 212(a)(15) of the Act excludes from admission into the United States "[a]liens who, in the opinion of the consular officer at the time of application for a visa, or in the opinion of the Attorney General at the time of application for admission, are likely at any time to become public charges."

Section 245A(d)(2) of the Act sets forth the grounds of exclusion that either may be waived or not waived by the Attorney General and those grounds of exclusion that do not apply to an applicant for temporary resident status under section 245A of the Act. Excludability under section 212(a)(15) of the Act may be waived. In addition to the waiver provision, the Act contains a special rule for determination of public charge. This rule states:

> An alien is not ineligible for adjustment of status under this section due to being inadmissible under section 212(a)(15) if the alien demonstrates a history of employment in the United States evidencing self-support without receipt of public cash assistance.

Section 245A(d)(2)(B)(iii) of the Act. This rule has been incorporated and explained by the Service at 8 C.F.R. § 245a.2(k)(4) (1988).

Considering the statutory scheme and the implementing regulations, a determination of whether an applicant is ineligible for temporary resident status because of excludability under section 212(a)(15) of the Act may involve up to three distinct phases. First, a determination must be made whether the applicant is excludable under section 212(a)(15) of the Act. Second, if there is a finding of excludability, the special rule should be applied to determine whether the applicant is nonetheless admissible. Third, if the special rule does not remove the excludability ground, then the Service must advise the applicant that he can submit an application for a waiver of excludability. Consequently, Congress has given an applicant who is potentially excludable under section 212(a)(15) of the Act three opportunities to cure this ground of inadmissibility.

The threshold issue to be addressed in this appeal is whether the applicant is likely to become a public charge. Congress did not define the term "public charge." However, because Congress used the term as found in section 212(a)(15) of the Act, we must apply this provision consistently with the established administrative practice.

The traditional test applied by the Service to determine whether an alien is likely to become a public charge is "a prediction based on the totality of the alien's circumstances" as presented in the individual case. *Matter of Perez*, 15 I&N Dec. 136, 137 (BIA 1974). The legislative history of the public charge provision is helpfully summarized in *Matter of Harutunian*, 14 I&N Dec. 583 (R.C. 1974).

Even though the test is prospective, the Service has considered evidence of receipt of prior public assistance as a factor in making the public charge determination. *Matter of Vindman*, 16 I&N Dec. 131 (R.C. 1977); *Matter of Harutunian, supra*. Other factors that have been considered are the alien's age, capacity to earn a living, health, family situation, work history, affidavits of support, and other relevant factors. *Matter of Perez, supra*; *Matter of Harutunian, supra*, at 588–90; *Matter of Martinez-Lopez*, 10 I&N Dec. 409, 421 (BIA 1962; A.G. 1964).

Although all factors should be considered in their totality, the Service also has held that "the alien's physical and mental condition, as it affects ability to earn a living, is of major significance." *Matter of Harutunian, supra*, at 588; *see also Matter of Vindman, supra*, at 132; *Matter of Martinez-Lopez, supra*, at 421–22 ("A healthy person in the prime of life cannot ordinarily be considered likely to become a public charge, especially where he has friends or relatives in the United States who have indicated their ability and willingness to come to his assistance in case of emergency.").

The applicant here is 33 years old. She is the mother of three children. Her youngest child was born in the United States in 1982. It is not unusual for a mother to stay at home to care for her children, especially when the children have not started school. A mother's absence from the work force to care for her children is not by itself sufficient basis to find the mother likely to become a public charge. There may be circumstances beyond the control of the alien which temporarily prevent an alien from joining the work force. For example, as the applicant states in her appeal, she lives in an area where jobs are scarce and she had been unable to find a job. These are all relevant factors that should be considered when making a public charge determination.

The director noted in his decision that the applicant started working on January 1, 1988, but found the applicant has "not demonstrated the capacity to exist on . . . [her] income and maintain . . . [her] family." Although the director was not precluded from considering the family's financial circumstances, the director placed undue weight on this factor, thereby overshadowing the more important factors; namely, that the applicant has now joined the work force, that she is young, and that she has no physical or mental defects which might affect her earning capacity.[1]

Accordingly, we find pursuant to section 212(a)(15) of the Act, that, in the light of the applicant's age and ability to earn a living, as evidence by her recent employment and other relevant factors before us, she is not likely to become a public charge.

The appeal is sustained. The application for temporary resident status under section 245A of the Act is approved.

**ORDER:** The appeal is sustained. The application for temporary resident status is approved.

---

[1] The applicant herself has never received public cash assistance. We need not determine, for purpose of deciding this appeal, whether the receipt of public cash assistance by a member of an applicant's family can be imputed to the applicant for purposes of applying the special rule set forth at section 245A(d)(2)(B)(iii) of the Act.